IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTOR CATARINO ESPINOSA GALLEGOS,
    Petitioner,

    v.                                   Civil No. 3:26CV293 (RCY)

JEFFREY CRAWFORD, *et al.*,
    Respondents.

**MEMORANDUM ORDER**
**(Granting 28 U.S.C. § 2241 Petition)**

Petitioner Victor Catarino Espinosa Gallegos ("Petitioner"), a native and citizen of Mexico proceeding with counsel, has submitted a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner submitted his Petition against Respondents Jeffrey Crawford, Kimberly Zambotti, Markwayne Mullin, and Todd Blanche (collectively, "Respondents"). In his Petition, Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention violates the Fifth Amendment's due process protections (Count I) and the Immigration and Nationality Act and its implementing regulations (Count II). Pet. ¶¶ 49–55. For the reasons set forth below, the Court GRANTS the Petition (ECF No. 1). The Court ORDERS Respondents to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

**I. BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States without inspection in 2001. Mem. Supp. Pet. ¶¶ 5, 17, ECF No. 2. Petitioner has resided in the United States for the last

twenty-five years and has no criminal history in the United States,[1] and he has "deferred action" status "based on a bona fide determination of eligibility for a U visa," which has been pending since 2018. *Id.* ¶ 2. Petitioner has an application for employment authorization pending with USCIS. *Id.* Petitioner was taken into immigration custody on January 5, 2026, and has been detained at the Abyon Farmville Detention Center ("Abyon-Farmville") in Farmville, Virginia since that time. Pet. ¶ 11(a); Mem. Supp. Pet. ¶ 47. The Department of Homeland Security (DHS) placed Petitioner in removal proceedings before the Annandale Immigration Court, Petitioner's pending U visa application notwithstanding, and charged him with being inadmissible as someone who entered the United States without inspection.[2] Mem. Supp. Pet. ¶¶ 48–49, Ex. B. Following Petitioner's transfer to Abyon-Farmville, Immigrations and Customs Enforcement (ICE) issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions. *Id.* ¶ 51. Petitioner requested a bond redetermination on March 19, 2026, but the Annandale Immigration Court denied the request, citing its lack of jurisdiction to consider the bond. *Id.* ¶ 52, Ex. G. Petitioner has continued to be held without bond since that time. Mem. Supp. Pet. ¶ 53.

On April 10, 2026, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court. Upon consideration of the Petition, it appeared to the Court that the factual circumstances and legal issues presented in the Petition are materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Accordingly, the Court issued an Order directing Respondents to file within seven days a notice indicating that the factual and legal issues presented

---

[1] He does have traffic violations on his record, but none that resulted in bodily harm, and Petitioner paid the fines resultingly imposed. Mem. Supp. Pet. ¶ 50, Ex. E.

[2] Counsel for Petitioner notes that, as part of his U visa application, Petitioner filed Form I-192, which allows for the discretionary forgiveness of "unlawful entry, minor traffic infractions, and continued presence." Mem. Supp. Pet. ¶ 50.

2

in this Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi, et al.*, Case No. 3:25-cv-769, 2026 WL 287179 (E.D. Va. Feb. 3, 2026), or an explanation as to why material factual or legal differences do exist. Order, ECF No. 6. The Court further noted that, should Respondents confirm there are no material differences between this petition and *Ortega Miranda*, prior filings from that case will be adopted in the present case for efficiency, and the Court will rule without additional submissions. *Id.* Respondents timely submitted their Notice to the Court's Order on April 21, 2026. Not., ECF No. 7. Consistent with the Court's Order, Respondents note no material distinctions between this case and *Ortega Miranda* and recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* at 1–2.

### III. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### IV. ANALYSIS

The central question posed in the instant Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. Mem. Supp. Pet. ¶ 8. Specifically, Petitioner argues that the discretionary detention provisions of 8 U.S.C. § 1226(a)

3

and his Fifth Amendment due process rights bolster his entitlement to such a hearing. *Id.* ¶¶ 41–43, 49–55. In opposition, Respondents support the Court's incorporation of their arguments and rationale recently submitted, considered, and ultimately rejected in *Ortega Miranda*: that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See* Not., ECF No. 7; Opp'n to Pet. 5–22, *Ortega Miranda*, Case No. 3:25-cv-769, ECF No. 14.

The Court maintains and incorporates the *Ortega Miranda* reasoning into this Order. That same reasoning has been applied in several cases before courts in this district,[3] and by this very Court as well, albeit when ruling from the bench rather than in written opinions.[4] Moreover, despite Petitioner's concerns about executive pressure on immigration judges to deny bond even where hearings are held, *see* Mem. Supp. Pet. ¶ 56, Ex. H, it is this Court's experience that, where the Court has required that a petitioner be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.[5]

---

[3] *See e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Duarte Escobar v. Perry*, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 2025 WL 3141103 (E.D. Va. Nov. 11, 2025) (rejecting the same arguments made in *Ortega Miranda*); *Contreras-Perez v. Noem*, 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Quispe-Ardiles v. Noem,* 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB) (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB) (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cvl587 (LMB) (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, l:25-cv-1590 (LMB) (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN) (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN) (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-l 525 (MSN) (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, l:25-cv-1634 (LMB) (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, l:25-cv-1645 (LMB) (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, l:25-cvl569 (AJT) (E.D. Va. Oct. 11, 2025); *Singh* v. *Lyons*, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez* v. *Crawford*, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN) (E.D. Va. Oct. 27, 2025); *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA) (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB) (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG) (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG) (E.D. Va. Nov. 21, 2025); *Campos-Flores v. Bondi*, 2025 WL 3461551 (E.D. Va. Dec. 2, 2025); *Hugo Romero v. Crawford,* 2026 WL 94634 (E.D. Va. Jan. 13, 2026).

[4] *See Buezo Sanchez v. Hott et al.*, No. 3:25-cv-787, ECF No. 27 (RCY) (E.D. Va. Mar. 17, 2026); *Alvarez Munoz v. Simon et al.*, No. 3:25-cv-897, ECF No. 18 (E.D. Va. Dec. 22, 2025)*.*

[5] *See, e.g., Ortega-Miranda*, No. 3:25-cv-769, (E.D. Va. Feb. 3, 2026) (released after satisfying bond of $1,500; *Gomez Alonzo v. Simon et al.*, No. 1:25-cv-1587-LMB-LRV, ECF No. 20 (E.D. Va. Oct. 9, 2025) (released after satisfying bond of $1,500); *Campos-Flores v. Bondi*, 2025 WL 3461551 (released after satisfying bond of $10,000); *Buezo Sanchez v. Hott et al.*, No. 3:25-cv-787 (RCY) (E.D. Va. Mar. 17, 2026) (petitioner released from custody after bond payment received and processed); *Alvarez Munoz v. Simon et al.*, No. 3:25-cv-897 (E.D. Va. Dec. 22, 2025) (petitioner made eligible for immediate release, conditioned on payment of $5,000 bond).

Petitioner has been present in the United States since 2001, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a).  Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk.  8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).  Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *8 (5th Cir. Feb. 6, 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026), both of which cases post-date *Ortega Miranda*.  While it is true that out of circuit precedent, though not binding on this Court, may be considered for its persuasive value, *cf. Folkes v. Nelsen*, 34 F.4th 258, 286 (4th Cir. 2022) (rejecting out of circuit precedent because it "provides no persuasive reasoning"), the Court declines to follow the majority's strained reasoning in both *Buenrostro-Mendez* and *Avila* and instead finds the dissent's position persuasive.  In both opinions, the majority's conclusions rest largely on equating "applicant for admission" with "seeking admission" and disregarding longstanding agency practice, an approach that conflicts with the Supreme Court's description of the statutory framework in *Jennings v. Rodriguez* and risks rendering significant portions of § 1226 superfluous.  *Id.* at *5–8.  The Fifth Circuit's dissent persuasively explains these flaws and cautions against an interpretation that would dramatically expand mandatory detention without a clear statement from Congress.  *Id.* at *10 (Douglas, J., dissenting) ("The majority stakes the largest detention initiative in American history on the possibility that 'seeking admission' is like being an 'applicant for admission,' in a statute that has never been applied in this way, based

5

on little more than an apparent conviction that Congress *must have* wanted these noncitizens detained—some of them the spouses, mothers, fathers, and grandparents of American citizens. Straining at a gnat, the majority swallows a camel."). Accordingly, the Court declines to adopt the Fifth Circuit or the Eighth Circuit's reasoning.

Petitioner also contends that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Mem. Supp. Pet. ¶¶ 49–52. Respondents argue that his rights are governed solely by the INA and that no constitutional violation has occurred. *Ortega Miranda*, ECF No. 14 at 22–29, *incorporated by* Not., ECF No. 7. As explained in *Ortega Miranda*, the Court finds that the Fifth Amendment applies and that detention without a bond hearing violates due process. *Ortega Miranda,* ECF No. 19 at 19–23. Applying the *Mathews* factors, the Court concludes Petitioner has a strong liberty interest, faces a significant risk of erroneous deprivation in the absence of a bond hearing to which he is entitled under § 1226(a), and that Respondents have not demonstrated a sufficient governmental interest to justify continued detention without such a hearing. *Id.* at 20–23 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

## V. CONCLUSION

For the above reasons, the Court GRANTS Petitioner's Petition (ECF No. 1). The Court hereby ORDERS that:

1.      Respondents SHALL provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). The Immigration Court SHALL provide Petitioner with the opportunity for a bond hearing before any hearing on the merits of his removal, and no later than seven (7) days from the date of entry of this Order.

2.      Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3.      Respondents are ORDERED to file a status report with this Court within three (3) days after Petitioner's bond hearing and before any hearing on the merits, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial.

4.      In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

5.      Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[6]

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____ /s/ RCY

Roderick C. Young
United States District Judge

Date: April 24, 2026
Richmond, Virginia

---

[6] Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan*, 800 F. Supp. 3d at 661.

7